JUDGE OF WILCOX COUNTY COURT, use &c. vs. PHARR.

1. A declaration against the keeper of a ferry, in an action on his bond to the judge of the County Court, setting out the bond, and assigning as a breach, (in substance) that the keeper had not provided good and sufficient boats; nor done and performed generally, all matters required by law and the statutes of the State—for that the said keeper had delivered to him, for hire, certain merchandize, goods, wares, &c., to be conveyed across a river: and that the keeper conducted the same so negligently as to damage and lose said goods, &c.—held not sufficient, as a breach, to authorise a recovery.

In this case an action of debt was commenced in the Circuit Court of Wilcox, in the name of the Judge of the County Court of that County, for the use of Norton; founded upon the bond of the defendants, given as keepers of a ferry, upon the Alabama river.

This was the declaration—For that the said defendant, together with one Archer Mathews, as to whom this suit was discontinued, theretofore, to wit, on the ninth day of May, 1827, at &c., by his certain writing obligatory, sealed with his seal, and shewn to the Court, the date whereof was the day and year aforesaid, acknowledged himself to be firmly bound unto one James Irvine, then Judge of the County Court of Wilcox, and his successors in office, in the sum of one thousand dollars, to be paid to the said James Irvine, and his successors: which said writing obligatory, was subject to a certain condition, thereunder written, reciting to the effect following, that is to say—whereas, said defendant had obtained a license to keep a public ferry, on the Alabama river,

at the town of Canton—therefore should said defendant, in so doing, constantly provide and keep sufficient boats; also the banks, on each side of the river, in good repair; and faithfully, and constantly attend said ferry, for the passage of travellers, carriages, stock, &c., over the said river—and do and perform, generally, all matters and things required by the laws and statutes of said State of Alabama, to be done and performed, by the keepers of public ferries, for and during the time he, said defendant, should keep the same—then said writing, obligatory, was to be void and null. Yet the said plaintiff in fact saith, that the said defendant hath not provided and kept good and sufficient boats, nor the banks, on each side of said river, in good repair, nor faithfully and constantly attended said ferry, for the passage of travellers, carriages, horses, stock, &c., over said river: nor done and performed, generally, all matters and things, required by the laws and statutes of said State of Alabama, to be done and performed by the keepers of public ferries, for and during the time he, said defendant, kept said ferry—for that theretofore, to wit, on the 11th day of January, 1831, at the County aforesaid, the said Norton, at the special instance and request of the said defendant, caused to be delivered to him, the said defendant, a certain lot or quantity of merchandize, goods and wares, &c., of him the said Norton, of great value, to wit, of the value of two thousand dollars; to be by the said defendant, safely and securely loaded and put on board a certain boat or flat, the property of said defendant, to be carried over and across said Alabama river, to the opposite bank, or landing place thereof, for the

said Norton; for and in consideration of certain rates and prices established and allowed by the laws and statutes of said State of Alabama, to the said defendant, in that behalf. Yet that said defendant, not regarding his duty in that behalf, afterwards, to wit, on, &c., at, &c:, by himself and his servants, conducted himself so carelessly, negligently and improperly, in and about the landing of said goods, wares and merchandize, on board the said flat or boat; that by, and through the mere negligence and improper conduct of the said defendant, and his servants, in that behalf, the said goods, wares, and merchandize became, and were greatly damaged and destroyed, and wholly lost to the said Norton. By reason of which said breach, the said writing obligatory, became forfeited; and thereby an action accrued, &c.

To this declaration there was a general demurrer, which the Court below sustained: and a judgment was rendered in favor of the defendant.

Writ of Error to this Court.

*Gordon,* for the plaintiff in error.

LIPSCOMB, C. J.—This was an action, brought under the statute of 1826, on the bond of the owner of a ferry, to recover damages for the alleged carelessness of the defendant and his servants, in receiving on board of the ferry-boat, a certain lot of goods, wares and merchandise, whereby the goods aforesaid were damaged.

The defendant filed a general demurrer, which was sustained by the Court below,

JUDGE OF WILCOX COUNTY COURT, use, &c. *vs.* PHARR.

The case has not been argued, nor are we advised what were the objections taken to the declaration in the Court below. Without, however, determining whether an action can be sustained, on the bond of the owner of the ferry, for loss and damage to goods and merchandise, the declaration seems to us, altogether uncertain, and insufficient, in assigning the breach of the bond: so much so, that the defendant is not advised of the grounds of the action against him; and there would be nothing to prevent another recovery, for, in fact, the same breach, if a recovery could be permitted, on the assignment made.

The judgment must be affirmed.